| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HARRIS L. COHEN, ESQ. Bar #119600<br>HARRIS L. COHEN, A PROF. CORP.<br>5305 ANDASOL AVE.<br>ENCINO, CA 91316<br>TEL 818-905-5599 FAX 818-905-5660<br>hcohen00@aol.com<br><br>☐ *Movant appearing without an attorney*<br>☒ *Attorney for Movant* | |

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br><br>BONDERA GARRETT NEWTON<br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:18-bk-24510-ER<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** |
| | DATE: 1/28/2019<br>TIME: 10:00 a.m.<br>COURTROOM: 1568 |

**Movant:** Magnum Property Investments, LLC and Strategic Acquisitions, Inc.

1. **Hearing Location**:

   ☒ 255 East Temple Street, Los Angeles, CA 90012          ☐ 411 West Fourth Street, Santa Ana, CA 92701
   ☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367    ☐ 1415 State Street, Santa Barbara, CA 93101
   ☐ 3420 Twelfth Street, Riverside, CA 92501

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (date) _____ and (time) _____; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 12/21/2018

HARRIS L. COHEN, A PROF. CORP.
_____
Printed name of law firm (if applicable)

HARRIS L. COHEN, ESQ.
_____
Printed name of individual Movant or attorney for Movant

_____
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                          Page 2                          F 4001-1.RFS.RP.MOTION
                                                                   Page 2

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO REAL PROPERTY

1. **Movant is the:**

   ☐ Holder: Movant has physical possession of a promissory note that either (1) names Movant as the payee under the promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer.

   ☐ Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property (e.g., mortgage or deed of trust) or (2) is the assignee of the beneficiary.

   ☐ Servicing agent authorized to act on behalf of the Holder or Beneficiary.

   ☒ Other (*specify*):
   Foreclosure sale buyer of property on 12/14/18

2. **The Property at Issue (Property):**

   a. Address:

      *Street address:*   10918 CRENSHAW BL. A TRIPLEX
      *Unit/suite number:*   #1
      *City, state, zip code:* Inglewood, CA 90303

   b. Legal description, or document recording number (including county of recording), as set forth in Movant's deed of trust (attached as Exhibit _2_ ):

3. **Bankruptcy Case History:**

   a. A ☒ voluntary ☐ involuntary  bankruptcy petition under chapter ☒ 7 ☐ 11 ☐ 12 ☐ 13 was filed on (*date*) _12/21/2018_ .

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*) _____ .

   c. ☐ A plan, if any, was confirmed on (*date*) _____ .

4. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant relief from stay as follows:

      (1) ☐ Movant's interest in the Property is not adequately protected.

         (A) ☐ Movant's interest in the Property is not protected by an adequate equity cushion.

         (B) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (C) ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

      (2) ☒ The bankruptcy case was filed in bad faith. D

         (A) ☐ Movant is the only creditor, or one of very few creditors, listed or scheduled in the Debtor's case commencement documents.

         (B) ☐ The Property was transferred to the Debtor either just before the bankruptcy filing or after the filing.

         (C) ☐ A non-individual entity was created just prior to the bankruptcy petition date for the sole purpose of filing this bankruptcy case.

         (D) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

         (E) ☒ The Debtor filed only a few case commencement documents with the bankruptcy petition. Schedules and the statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

         (F) ☒ Other (*see attached continuation page*).   See separate declaration attached.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(3) ☐ *(Chapter 12 or 13 cases only)*

    (A) ☐ All payments on account of the Property are being made through the plan.
        ☐ Preconfirmation ☐ Postconfirmation  plan payments have not been made to the chapter 12 trustee or chapter 13 trustee.

    (B) ☐ Postpetition mortgage payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ The Debtor filed a Statement of Intentions that indicates the Debtor intends to surrender the Property.

(5) ☐ The Movant regained possession of the Property on *(date)* _____,
    which is ☐ prepetition ☐ postpetition.

(6) ☒ For other cause for relief from stay, see attached continuation page.  see attached declaration.

b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and, pursuant to § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), the Debtor has failed, within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), the Debtor's filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☒ Multiple bankruptcy cases affecting the Property.

5. ☒ **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor.

a. ☒ These actions were taken before Movant knew the bankruptcy case had been filed, and Movant would have been entitled to relief from the stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other *(specify)*:

6. **Evidence in Support of Motion: (D*eclaration(s) MUST be signed under penalty of perjury and attached to this motion*)**

a. The REAL PROPERTY DECLARATION on page 6 of this motion.

b. ☒ Supplemental declaration(s).

c. ☐ The statements made by Debtor under penalty of perjury concerning Movant's claims and the Property as set forth in Debtor's case commencement documents. Authenticated copies of the relevant portions of the case commencement documents are attached as Exhibit _____.

d. ☐ Other:

7. ☒ **An optional Memorandum of Points and Authorities is attached to this motion.**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2017*　　　　　　　　　　　Page 4　　　　　　　　　　**F 4001-1.RFS.RP.MOTION**
Page 4

**Movant requests the following relief:**

1.  Relief from the stay is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3).

2.  ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its
    remedies to foreclose upon and obtain possession of the Property. to complete the foreclosure sale, obtain the trustee's deed
    allow the trustee to issue the deed, and evict the occupants

3.  ☐ Movant, or its agents, may, at its option, offer, provide and enter into a potential forebearance agreement, loan
    modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its
    servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

4.  ☐ Confirmation that there is no stay in effect.

5.  ☒ The stay is annulled retroactive to the bankruptcy petition date.  Any postpetition actions taken by Movant to
    enforce its remedies regarding the Property shall not constitute a violation of the stay.

6.  ☒ The co-debtor stay of 11 U.S.C. §1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on
    the same terms and conditions as to the Debtor.

7.  ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

8.  ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless
    of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing on this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in
    compliance with applicable nonbankruptcy law.

9.  ☐ Relief from the stay is granted under 11 U.S.C. § 362(d)(4):  If recorded in compliance with applicable state laws
    governing notices of interests or liens in real property, the order is binding in any other case under this title
    purporting to affect the Property filed not later than 2 years after the date of the entry of the order by the court,
    except that a debtor in a subsequent case under this title may move for relief from the order based upon changed
    circumstances or for good cause shown, after notice and hearing.

10. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any
    interest in the Property for a period of 180 days from the hearing of this Motion:
    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in
    compliance with applicable nonbankruptcy law.

11. ☐ The order is binding and effective in any future bankruptcy case, no matter who the debtor may be:

    ☐ without further notice, or  ☐ upon recording of a copy of this order or giving appropriate notice of its entry in
    compliance with applicable nonbankruptcy law.

12. ☐ Upon entry of the order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ.
    Code § 2920.5(c)(2)(C).

13. ☐ If relief from stay is not granted, adequate protection shall be ordered.

14. ☐ See attached continuation page for other relief requested.

Date:  12/21/2018

HARRIS L. COHEN, A PROF. CORP.
Printed name of law firm (*if applicable*)
HARRIS L. COHEN, ESQ.
Printed name of individual Movant or attorney for Movant

Signature of individual Movant or attorney for Movant

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                          Page 5                          F 4001-1.RFS.RP.MOTION
                                                                          Page 5

# REAL PROPERTY DECLARATION

I, (print name of Declarant) PETER BAER _____, declare:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would
    competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real
    property that is the subject of this Motion (Property) because (specify):

    a. ☐  I am the Movant.

    b. ☒  I am employed by Movant as (state title and capacity): President of Strategic Acquisitions, Inc. the manager of
                                                                    Magnum Property Investments, Inc.

    c. ☐  Other (specify):

2.  a. ☒  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of
          credit given to Debtor concerning the Property. I have personally worked on the books, records and files, and
          as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them
          from the business records of Movant on behalf of Movant. These books, records and files were made at or
          about the time of the events recorded, and which are maintained in the ordinary course of Movant's business
          at or near the time of the actions, conditions or events to which they relate. Any such document was
          prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event
          being recorded and had or has a business duty to record accurately such event. The business records are
          available for inspection and copies can be submitted to the court if required.

    b. ☐  Other (see attached):

3.  The Movant is:

    a. ☐  Holder: Movant has physical possession of a promissory note that (1) names Movant as the payee under the
          promissory note or (2) is indorsed to Movant, or indorsed in blank, or payable to bearer. A true and correct
          copy of the note, with affixed allonges/indorsements, is attached as Exhibit _____.

    b. ☐  Beneficiary: Movant is either (1) named as beneficiary in the security instrument on the subject property
          (e.g.,mortgage or deed of trust) or (2) is the assignee of the beneficiary. True and correct copies of the
          recorded security instrument and assignments are attached as Exhibit _____.

    c. ☐  Servicing agent authorized to act on behalf of the:

            ☐  Holder.
            ☐  Beneficiary.

    d. ☒  Other (specify): Movant purchased the Property at a foreclosure sale on 12/14/18

4.  a.  The address of the Property is:

        Street address: 10918 CRENSHAW BL. A TRIPLEX
        Unit/suite no.: #1
        City, state, zip code: INGLEWOOD, CA 90303

    b.  The legal description of the Property or document recording number (including county of recording) set forth in the
        Movant's deed of trust is:
        see exhibit "2" to Baer Declaration

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                    Page 6                          F 4001-1.RFS.RP.MOTION
                                                                                        Page 6

5. Type of property (*check all applicable boxes*):

   a. ☒ Debtor's principal residence     b. ☐ Other residence
   c. ☐ Multi-unit residential     d. ☐ Commercial
   e. ☐ Industrial     f. ☐ Vacant land
   g. ☒ Other (*specify*): property is a triplex

6. Nature of the Debtor's interest in the Property:

   a. ☐ Sole owner

   b. ☒ Co-owner(s) (*specify*): with husband Randolph Newton as joint tenants

   c. ☐ Lienholder (*specify*):

   d. ☐ Other (*specify*):

   e. ☒ The Debtor ☒ did ☐ did not  list the Property in the Debtor's schedules.

   f. ☒ The Debtor acquired the interest in the Property by ☐ grant deed ☒ quitclaim deed ☐ trust deed.
      The deed was recorded on (*date*) 3/11/04 _____.  It was not recorded

7. Movant holds a ☐ deed of trust ☐ judgment lien ☒ other (*specify*) Foreclosure sale purchaser _____
   that encumbers the Property.

   a. ☐ A true and correct copy of the document as recorded is attached as Exhibit _____.

   b. ☐ A true and correct copy of the promissory note or other document that evidences the Movant's claim is
      attached as Exhibit _____.

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of
      trust to Movant is attached as Exhibit _____.

8. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $ |
| b. | Accrued interest: | $ | $ | $ |
| c. | Late charges | $ | $ | $ |
| d. | Costs (attorney's fees, foreclosure fees, other costs): | $ | $ | $ |
| e. | Advances (property taxes, insurance): | $ | $ | $ |
| f. | Less suspense account or partial balance paid: | $[          ] | $[          ] | $[          ] |
| g. | TOTAL CLAIM as of (*date*): | $ | $ | $ |

   h. ☐ Loan is all due and payable because it matured on (*date*) _____

9. Status of Movant's foreclosure actions relating to the Property (*fill the date or check the box confirming no such action
   has occurred*):

   a. Notice of default recorded on (*date*) 6/14/18 _____ or ☐ none recorded.

   b. Notice of sale recorded on (*date*) 10/19/18 _____ or ☐ none recorded.

   c. Foreclosure sale originally scheduled for (*date*) _____ or ☐ none scheduled.

   d. Foreclosure sale currently scheduled for (*date*) _____ or ☐ none scheduled.

   e. Foreclosure sale already held on (*date*) 12/14/2018 _ or ☐ none held.

   f. Trustee's deed upon sale already recorded on (*date*) _____ or ☒ none recorded.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

10. Attached (*optional*) as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the bankruptcy petition date.

11. ☐ (*chapter 7 and 11 cases only*) Status of Movant's loan:   Foreclosure sale purchaser, not lender

   a.  Amount of current monthly payment as of the date of this declaration: $_____ for the month of _____ 20___.

   b.  Number of payments that have come due and were not made: _____. Total amount: $_____

   c.  Future payments due by time of anticipated hearing date (*if applicable*):

      An additional payment of $_____ will come due on (*date*) _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

   d.  The fair market value of the Property is $_____, established by:

      (1) ☐ An appraiser's declaration with appraisal is attached as Exhibit _____.

      (2) ☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit _____.

      (3) ☐ A true and correct copy of relevant portion(s) of the Debtor's schedules is attached as Exhibit _____.

      (4) ☐ Other (*specify*):

   e.  **Calculation of equity/equity cushion in Property:**

      Based upon ☐ a preliminary title report ☐ the Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Equifirst Corp/BSI | $  530488 | $ 530488 nos |
| 2nd deed of trust: | | $ | $ |
| 3rd deed of trust: | | $ | $ |
| Judgment liens: | | $ | $ |
| Taxes: | | $ | $ |
| Other: | | $ | $ |
| **TOTAL DEBT:** $ 530488 | | | |

   f.  Evidence establishing the existence of these deed(s) of trust and lien(s) is attached as Exhibit _____ and consists of:

      (1) ☐ Preliminary title report.

      (2) ☐ Relevant portions of the Debtor's schedules.

      (3) ☒ Other (*specify*): notice of trustee's sale attached to Baer declaration

   g.  ☐ **11 U.S.C. § 362(d)(1) - Equity Cushion:**
      I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant's debt is $ 0_____ and is  0_____% of the fair market value of the Property.

   h.  ☐ **11 U.S.C. § 362(d)(2)(A) - Equity:**
      By subtracting the total amount of all liens on the Property from the value of the Property as set forth in Paragraph 11(e) above, I calculate that the Debtor's equity in the Property is $ 0_____.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                                          Page 8                                   F 4001-1.RFS.RP.MOTION
Page 8

i. ☐ Estimated costs of sale: $_____ (estimate based upon _____% of estimated gross sales price)

j. ☐ The fair market value of the Property is declining because:

12. ☐ *(Chapter 12 and 13 cases only)* Status of Movant's loan and other bankruptcy case information:

a. A 341(a) meeting of creditors is currently scheduled for (*or concluded on*) the following date: _____.
A plan confirmation hearing currently scheduled for (or concluded on) the following date:_____.
A plan was confirmed on the following date (*if applicable*): _____.

b. Postpetition preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of Each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

(See attachment for additional breakdown of information attached as Exhibit _____.)

c. Postpetition postconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| Number of Payments | Number of Late Charges | Amount of each Payment or Late Charge | Total |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

d. Postpetition advances or other charges due but unpaid:                                $
(*For details of type and amount, see Exhibit _____*)

e. Attorneys' fees and costs:                                                          $
(*For details of type and amount, see Exhibit _____*)

f. Less suspense account or partial paid balance:                        $[                    ]

TOTAL POSTPETITION DELINQUENCY:                        $

g. Future payments due by time of anticipated hearing date (*if applicable*): _____.
An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late charge of $_____ will be charged to the loan.

h. Amount and date of the last 3 postpetition payments received from the Debtor in good funds, regardless of how applied (if applicable):
$_____   received on (*date*) _____
$_____   received on (*date*) _____
$_____   received on (*date*) _____

i. ☐ The entire claim is provided for in the chapter 12 or 13 plan and postpetition plan payments are delinquent. A plan payment history is attached as Exhibit _____. See attached declaration(s) of chapter 12 trustee or 13 trustee regarding receipt of payments under the plan (*attach LBR form F 4001-1.DEC.AGENT.TRUSTEE*).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

13. ☐ Proof of insurance regarding the Property has not been provided to Movant, despite the Debtor's obligation to insure the collateral under the terms of Movant's contract with the Debtor.

14. ☐ The court determined on (date) _____ that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the bankruptcy petition; more than 30 days have passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ The Debtor's intent is to surrender the Property. A true and correct copy of the Debtor's statement of intentions is attached as Exhibit _____.

16. ☐ Movant regained possession of the Property on (date) _____, which is ☐ prepetition ☐ postpetition.

17. ☒ The bankruptcy case was filed in bad faith:
o

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☒ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☒ Other (specify):
see Peter Baer declaration re timing of filing


18. ☒ The filing of the bankruptcy petition was part of a scheme to delay, hinder, or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☒ Multiple bankruptcy cases affecting the Property include:    see Peter Baer declaration re 4 cases

1. Case name: in re Randy Newman and Bondera Newman _____
Chapter: 13 ___    Case number: 2:12-bk-27518-NB ____
Date dismissed: 9/9/15 _____    Date discharged: _____    Date filed: 5/18/12 _____
Relief from stay regarding the Property ☐ was ☒ was not granted.

2. Case name: _____
Chapter: _____    Case number: _____
Date dismissed: _____    Date discharged: _____    Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.

3. Case name: _____
Chapter: _____    Case number: _____
Date dismissed: _____    Date discharged: _____    Date filed: _____
Relief from stay regarding the Property ☐ was ☐ was not granted.

☒ See attached continuation page for information about other bankruptcy cases affecting the Property.

☒ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.
SEE PETER BAER DECLARATION

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017                              Page 10                              F 4001-1.RFS.RP.MOTION
Page 10

19. ☒ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

    a. ☒ These actions were taken before Movant knew the bankruptcy petition had been filed, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

    c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/21/2018 | PETER BAER | |
|---|---|---|
| Date | Printed name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2017            Page 11            F 4001-1.RFS.RP.MOTION

Page 11

## 2:18-bk-24510-ER – BONDERA G. NEWTON - CHAPTER 7

### I.    APPLICABLE LAW

A bankruptcy Court has "discretion to grant retroactive relief from the automatic say." *In re AVI, Inc.,* 289 B.R. 721, 731 (9th Cir. BAP 2008).  Extraordinary or extreme circumstances **are not required** and it is merely a balancing test.  *In re Fjeldsted*, 293 B.R. 12, 23 (9th Cir. BAP (2003).

"Whether to grant retroactive relief from the automatic stay under §362(d) is a decision committed to the discretion of the bankruptcy court. *Nat'l Envtl. Waste,* 129 F.3ed at 1054. In *Nat'l Envtl. Waste*, the Ninth Circuit adopted a balancing of equities approach for analyzing a request for retroactive stay relief, and identified two factors to be considered by the bankruptcy court: (1) whether the creditor was aware of the bankruptcy petition; and (2) whether the debtor engaged in unreasonable or inequitable conduct, or prejudice would result to the creditor. *Id.* At 1055-56. In <u>*In re Fjeldsted, 293 B.R. 12, 24-25 (9th Cir. BAP 2003)*</u>, following <u>*Nat'l Envtl. Waste,*</u> we approved consideration off additional factors by the bankruptcy court, including: the number of filings; the extent of any prejudice , including to a bona fide purchaser; the debtor's overall good faith; the debtor's compliance with the Code; how quickly the creditor moved for annulment; and how quickly the debtor moved to set aside the sale. But because a mechanistic application of 'factors' is inappropriate in making the determination of whether to annul the stay, in *Fjeldsted*, we observed that: "Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning,

1

we emphasize that these items are merely a framework for analysis and not a scorecard. **In any given case, one factor may so outweigh the others as to be dispositive.**" *In re Williams,* 323 B.R. 691, 700 (9th Cir. BAP 2005) (Emphasis in original).  Extraordinary circumstances need not be shown.  *In re Fjeldsted*, 293 B.R. 12, 22-23 (9th Cir. BAP 2003).

A foreclosure sale purchaser has standing to seek the relief requested.  *In re Funes,* 2014 WL 6896030 (C.D. Cal. 2014) See also *In re Cruz*, 516 B.R. 594, 602-03 (9th Cir. BAP 2014).   Factors the Court considers in deciding if the case was filed in bad faith include whether there was <u>only a single creditor</u>; the debtor made no efforts to repay his debts, the debtor's overly utilizing the protections of the Code to the unconscionable detriment of creditors .  *In re O'Brien*, 328 B,R, 669, 675 (Bankr. W.D.N.Y. 2005) *See also In re Hammonds*, 139 B.R. 535, 542 (Bankr. D. Colo. 1992),  *In re Spagnolia*, 199 B.R. 362, 365 (Bankr. W.D. Ky. 1995).

**INTRODUCTION**

**THE NOD SHOWS THE DEBTOR WAS $135,144.63 IN ARREARS.  BUT SHE WAITED UNTIL 33 MINUTES BEFORE THE FORECLOSURE SALE ON 12/14/18, DEBTOR FILED THIS FACE PAGE CHAPTER 7 PETITION.  THE NOD WAS RECORDED IN JUNE 2018 AND THE NOS WAS RECORDED ON 10/19/18.**

**THE DEBTOR DID NOT NOTIFY THE BIDDERS AT THE SALE OF THE FILING AND SALE PROCEEDED AS IF THERE WERE NO FILING.**

2

**MOVANTS SEEKS TO ANNUL THE STAY TO ALLOW THE TRUSTEE**

**TO ISSUE THE TRUSTEE'S DEED UPON SALE TO MOVANT.**

**I.    STATEMENT OF FACTS**

1.    Movants, Magnum Property Investments, LLC ("Magnum") through its

bidding agent, Strategic Acquisitions, Inc. ("Strategic") (Collectively "Movants") was the

high bidder at the foreclosure sale of the real property at 10918 Crenshaw Bl., Unit #1,

Inglewood, CA 90303 – APN 4029-029-018, 4029-029-041 – lots 356 and 428 of tract

no. 19033, in the city of Inglewood, County of Los Angeles, State of California as per

map recorded in Book 488, pages 10 to 17 inclusive of Maps (the "Property"), and paid

$670,000 for it at the foreclosure sale on December 14, 2018.  (Purchase Receipt Exhibit

"1").

2.    The owners of the Property, Ralph and Bondera Newton, borrowed

$417,000 secured by the Property in 2007. (Trust Deed Exhibit "2").  To get this

bankruptcy to interrupt the sale process the debtor, Bondera Newton filed this petition on

December 14, 2018, the same day as the foreclosure sale at 11:14 a.m., **just 33 minutes**

**prior to the sale** (Face page of petition, Exhibit "3").

3.    A Notice Of Default And Election To Sell Under Deed Of Trust ("NOD")

was recorded on June 14, 2018 showing **a delinquency of $135,144.63**. (NOD Exhibit

"4").

4.    Thereafter a Notice of Trustee's Sale ("NOS") was recorded on October 19,

2018. (NOS Exhibit "5").

5.    The Debtor filed this chapter 7 case in pro per as a face page filing on December 14, 2018.  (Exhibit "3").

6.    The motion was timely filed within 10 days after the petition.

7.    The Debtor previously filed a chapter 13 case that was terminated on April 1, 2016.  (Exhibit "6").

8.    When the foreclosure sale took place on December 14, 2018, there was no indication at the sale that the bankruptcy prohibited the sale by the foreclosing trustee and Magnum/Strategic were unaware of the bankruptcy filing.  The general procedure of foreclosure trustees is that sales are not conducted if a bankruptcy is timely filed and actually prohibits the sale.

9.    The foreclosure trustee will not issue the Trustee's Deed Upon Sale until the automatic stay is retroactively annulled.

10.    Magnum/Strategic purchased the Property at the foreclosure sale, in good faith, without knowledge of this bankruptcy filing by the Debtor and no knowledge of any automatic stay.

11.    Based on the bad faith inequitable conduct described above, the Court should grant retroactive relief and annulment of the automatic stay to validate the foreclosure sale on December 14, 2018, that took place for the Property and permit Movants to receive the trustee's deed upon sale and then evict the inhabitants of the Property.

4

HARRIS L. COHEN, A PROF. CORP.

By: _____
Harris L. Cohen, Esq., Attorney for Movants

5

## DECLARATION OF PETER BAER

I, Peter Baer, hereby declare and state:

I am over the age of 18 and have personal knowledge as to all facts set forth herein and if called upon to testify thereto, I could and would competently do so.

1.      I am the president of the manager of Magnum Property Investments, LLC ("Magnum") which is Strategic Acquisitions, Inc. ("Strategic") (collectively Movants), the Movants with authority to file this motion.

2.      Magnum and Strategic, its bidding agent at the foreclosure sale, were the high bidder at the foreclosure sale of the real property at 10918 Crenshaw Bl., Unit #1, Inglewood, CA 90303 – APN 4029-029-018, 4029-029-041 – lots 356 and 428 of tract no. 19033, in the city of Inglewood, County of Los Angeles, State of California as per map recorded in Book 488, pages 10 to 17 inclusive of Maps (the "Property"), and paid $670,000 for it at the foreclosure sale on December 14, 2018.  (A true and correct copy of the Purchase Receipt is attached hereto as Exhibit "1").

3.      The owners of the Property, Ralph and Bondera Newton, borrowed $417,000 secured by the Property in 2007. (A true and correct copy of the Trust Deed is attached hereto as Exhibit "2").  To get this bankruptcy to interrupt the sale process the debtor, Bondera Newton filed this petition on December 14, 2018, the same day as the foreclosure sale at 11:14 a.m., **just 33 minutes prior to the sale** (A true and correct copy of the Debtor's petition face page is attached hereto as Exhibit "3").

6

4.      A Notice Of Default And Election To Sell Under Deed Of Trust ("NOD") was recorded on June 14, 2018 showing **a delinquency of $135,144.63**. (A true and correct copy of the NOD is attached hereto as Exhibit "4").

5.      Thereafter a Notice of Trustee's Sale ("NOS") was recorded on October 19, 2018. (A true and correct copy of the NOS is attached hereto as Exhibit "5").

6.      The Debtor filed this chapter 7 case in pro per as a face page filing on December 14, 2018.

7.      The motion was timely filed within 10 days after the petition.

8.      The Debtor previously filed a chapter 13 case that was terminated on April 1, 2016.  (A true and correct copy of that case summary is attached hereto as Exhibit "6").

9.      When the foreclosure sale took place on December 14, 2018, there was no indication at the sale that the bankruptcy prohibited the sale by the foreclosing trustee and Magnum/Strategic were unaware of the bankruptcy filing.  The general procedure of foreclosure trustees is that sales are not conducted if a bankruptcy is timely filed and actually prohibits the sale.  I know this based on my 20+ years of attending and participating in foreclosure sales in Los Angeles and Southern California generally that are routinely continued if there is a timely bankruptcy filing, timely notice and the automatic stay is in effect.

10.     Magnum/Strategic purchased the Property at the foreclosure sale, in good faith, without knowledge of this bankruptcy filing by the Debtor and no knowledge of

any automatic stay.    I was in telephonic contact with our bidder at the sale and in communications concerning bidding there was no announcement at the sale of any bankruptcy or any reason the sale could or should not go forward.

11.    Based on the bad faith inequitable conduct described above, the Court should grant retroactive relief and annulment of the automatic stay to validate the foreclosure sale on December 14, 2018, that took place for the Property and permit Movants to receive the trustee's deed upon sale and then evict the inhabitants of the Property.

12.    The foreclosure trustee will not issue the Trustee's Deed Upon Sale until the automatic stay is retroactively annulled.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct. Executed at Agoura Hills, California on December 21, 2018.

_____
Peter Baer

EXHIBIT "1"

Sale Date: 12/4/18   Client Ref#: 181276   Add'l Ref#: MG   ASAP #: 467-3636

Foreclosure Firm/Trustee: MG 1920 Old Tustin Ave Santa Ana Ca 92705   Phone: 949 354 2601

Mortgagor/Trustor: Randolph Newton & Bandera Newton HOTT 10918 Crenshaw Blvd Unit 1 Inglewood Ca 90303

**Property Description/Address:**

## ADMONISHMENT TO PURCHASER

Please be advised that all sales conducted are held under the following terms. The person conducting the sale, whether known by statute as: personal representative, substitute trustee, auctioneer, or agent for the Foreclosure Attorney/Trustee, shall be referenced herein as "SALE AGENT." The successful bidder will be referenced herein as "PURCHASER."

## TERMS OF SALE

The Real Property referenced herein was sold to the highest bidder for cash or cashier's checks. The purchase price is due and payable without delay upon acceptance of the bid unless the Purchaser and Foreclosure Attorney/Trustee agree upon a reasonable time for the Purchaser to deliver certified funds or otherwise. If the funds are not tendered upon acceptance of the bid or within an agreed-upon time period, the sale will be reconvened and the property re-auctioned.

All property sold is subject to the following:

1. Any statutory or court-ordered restraint of the sale arising out of bankruptcy, pending litigation, receivership, or the legal proceedings involving any person who claims a legal or equitable interest in the property
2. The death or initiation of a probate proceeding of debtor(s), or any person who claims a legal or equitable interest in the property
3. Reinstatement or payoff of the loan secured by the property or any other presale arrangement to satisfy the default
4. Any ad valorem taxes for the current and prior years which are applicable against the property
5. Any matter which may affect the validity of any element of the foreclosure process or foreclosure sale or act as a defense or bar to the foreclosure process
6. Any errors in the calculation of the bidding instructions or errors in reading the bid made by either: Sale Agent, Substitute Foreclosure Firm, Trustee, Mortgage Servicer, Lender/Beneficiary
7. Verification of Purchaser's identity and compliance with federal laws and regulations required of financial institutions

The Sale Agent conducting this sale makes no representations of any nature, either express or implied, about the nature or condition of the properties or the status of the title to the properties to be sold. It is the Purchaser's responsibility to have performed due diligence as to any matter which may affect the validity of the sale as hereinabove stated. The properties are sold "AS IS" in their present condition. The properties may be identified by legal description, property address, recording information or other identifying information pursuant to the notice of sale. Any preprinted street address appearing on the deed issued after the sale may or may not match the subject property.

The sale may be rescinded due to requirements set out in federal laws or regulations including, but not limited to: money laundering, anti-terrorism, anti-drug trafficking, economic sanctions, laws and regulations. Federal law requires all financial institutions to obtain, verify, and record information that identifies parties to transactions. This means that when the bid is provisionally accepted you may be asked to provide your name, address, date of birth, driver's license, and or other personally identifiable information. In the event a defect or other problem with the sale is discovered or Purchaser refused to provide said required information, the consideration paid will be returned to the Purchaser within a reasonable time after verification of the pertinent facts and the return of the funds shall be the Purchaser's sole and absolute remedy. If you are the successful bidder, you will be asked to sign an acknowledgement that the sale was subject to these terms. Sales will not be concluded without the execution of this acknowledgement. If the Purchaser does not wish to execute the acknowledgement, the Sale Agent will reconvene the sale and re-auction the property.

## PURCHASER'S ACKNOWLEDGEMENT

The Purchaser or Purchaser's Representative acknowledges that the sale and all monies tendered are subject to the terms, conditions and disclaimers set forth in this Admonishment to Purchaser and in the below Receipt. Purchaser or Purchaser's Representative specifically acknowledges that he/she has carefully read both the Admonishment to Purchaser and the Receipt. Purchaser directs that the Foreclosure/Trustee's Deed upon Sale be vested as stated below and mailed to:

Vesting for Deed: MAGNUM PROPERTY INVESTMENTS LLC, A DELAWARE LIMITED LIABILITY COMPANY OR NOMINEE

PURCHASER: STRATEGIC ACQUISITIONS INC.

Purchaser's Street Address, City, State & Zip: 27489 AGOURA RD #200 AGOURA HILLS, CA 91301

Purchaser's Email: REPORTS@STRATEGICLA.com

Phone: 818-769-7880

REPRESENTATIVE'S NAME: JESSE MOLINA

Relation to Buyer: Employee

Rep's Email:

Phone: 562-508-6350

*Only provide the following, when requested. Driver's License # / State:*

## RECEIPT

Subject to the exceptions stated in the Terms of Sale, all conditions and disclaimers announced before the sale, and restated in the Admonishment to Purchaser, the Sale Agent sold the property to the above named Purchaser as the highest bidder and Purchaser tendered cash or certified funds to satisfy the purchase price. In the event of an overpayment, all refunds will be made by the Lender or Lender's foreclosure firm/trustee. The Sale Agent does not assume any responsibility or liability for refunds.

| Check Number | Bank Name | Amount | |
|---|---|---|---|
| #6515144E9 | US Bank | $ 670,000 | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| | | $ | |
| **Refund Payable To** | **Address** | **Phone** | |

Sale Completed Time: 11:47

Check Total: $ 670,000
+
Cash Total: $ 0
=
Total Tendered: $ 670,000
Sale Amount $ 670,000
Overpayment: $ 0

Sale Agent Signature: Brenda Veritabeth
Print Name:
ServiceLink Agency Sales and Posting, LLC

Purchaser or Rep Signature:
Print Name: JESSE MOLINA

# EXHIBIT "2"



**This page is part of your document - DO NOT DISCARD**





**20072456159**

**Pages:
019**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**10/31/07 AT 08:00AM**

| | |
|---|---|
| Fee: | 64.00 |
| Tax: | 0.00 |
| Other: | 0.00 |
| Total: | 64.00 |

**Title Company**

# TITLE(S) :

_____



**L E A D   S H E E T**

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**

**Number of AIN's Shown**

—          —



**THIS FORM IS NOT TO BE DUPLICATED**



GATEWAY TITLE COMPANY

Recording Requested By

Return To
EquiFirst Corporation
Attn: Collateral M
500 Forest Point Circle
Charlotte, NC 28273



10/31/07

20072456159

Prepared By
Maria Hawkins
500 Forest Point Circle
Charlotte, NC 28273

——————————— [Space Above This Line For Recording Data] ———————————

## DEED OF TRUST

MIN 100200104110018781

### DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21  Certain rules regarding the usage of words used in this document are
also provided in Section 16

(A) "Security Instrument" means this document, which is dated **October 16, 2007**
together with all Riders to this document
(B) "Borrower" is **Randolph Newton and Bondera Newton, husband and wife as
joint tenants**

Borrower's address is **10918 Crenshaw Blvd., Unit #1, Inglewood, CA 90303**
Borrower is the trustor under this Security Instrument

(C) "Lender" is **EquiFirst Corporation**

Lender is a **Corporation**
organized and existing under the laws of **North Carolina**

**0411001878**

**CALIFORNIA**-Single Family-Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT WITH MERS**    Form 3005  1/01

VMP -6A(CA) (0207) 01
Page 1 of 15
VMP Mortgage Forms  Inc

1043356-151

Lender's address is **500 Forest Point Circle**
**Charlotte, NC 28273**
**(D)** "Trustee" is Commonwealth Land Title Company

**(E)** "MERS" is Mortgage Electronic Registration Systems, Inc  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument**  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P O  Box 2026, Flint, MI 48501-2026, tel  (888) 679-MERS
**(F)** "Note" means the promissory note signed by Borrower and dated **October 16, 2007**
The Note states that Borrower owes Lender **four hundred seventeen thousand and 00/100**
                                                                              Dollars
(U S $**417,000.00**        ) plus interest  Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **November 1, 2037**
**(G)** "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
**(H)** "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest
**(I)** "Riders" means all Riders to this Security Instrument that are executed by Borrower  The following Riders are to be executed by Borrower [check box as applicable]·

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☐ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☐ 1-4 Family Rider |
| ☐ VA Rider | ☐ Biweekly Payment Rider | ☒ Other(s) [specify] |
| | | **PrePayment Penalty Rider** |

**(J)** "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions
**(K)** "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization
**(L)** "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account  Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers
**(M)** "Escrow Items" means those items that are described in Section 3
**(N)** "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation, or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property
**(O)** "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan
**(P)** "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument

0411001878

-6A(CA) (0207) 01                    Page 2 of 15                    Form 3005  1/01



(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U S C Section 2601 et seq ) and its implementing regulation, Regulation X (24 C F R Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS This Security Instrument secures to Lender (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note, and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
**County**                of               **Los Angeles**
   [Type of Recording Jurisdiction]              [Name of Recording Jurisdiction]
**See Attached Exhibit A**

Parcel ID Number  4029-029-018                          which currently has the address of
**10918 Crenshaw Blvd., Unit #1**                                            [Street]
**Inglewood**                                  [City], California 90303        [Zip Code]
("Property Address")

   TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property All replacements and additions shall also be covered by this Security Instrument All of the foregoing is referred to in this Security Instrument as the "Property " Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument

   BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances

0411001878

-6A(CA) (0207) 01                    Page 3 of 15            Initials              Form 3005  1/01

of record  Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property

UNIFORM COVENANTS  Borrower and Lender covenant and agree as follows

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note  Borrower shall also pay funds for Escrow Items pursuant to Section 3  Payments due under the Note and this Security Instrument shall be made in U S currency  However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender  (a) cash; (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity, or (d) Electronic Funds Transfer

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15  Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current  Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted  If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds  Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current  If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower  If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure  No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority  (a) interest due under the Note, (b) principal due under the Note, (c) amounts due under Section 3  Such payments shall be applied to each Periodic Payment in the order in which it became due  Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge  If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full  To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due  Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for  (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property, (b) leasehold payments or ground rents on the Property, if any, (c) premiums for any and all insurance required by Lender under Section 5, and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10  These items are called "Escrow Items "  At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item  Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section  Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items  Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time  Any such waiver may only be

0411001878

VMP -6A(CA) (0207) 01                    Page 4 of 15                    Form 3005  1/01



in writing  In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9  If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount  Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA  Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank  Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA  Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge  Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds  Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds  Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA  If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments  If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly  payments

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender

**4.  Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any  To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower  (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement, (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded, or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument  If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the

0411001878

-6A(CA) (0207) 01                    Page 5 of 15                    Form 3005   1/01

lien  Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires  What Lender requires pursuant to the preceding sentences can change during the term of the Loan  The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably  Lender may require Borrower to pay, in connection with this Loan, either  (a) a one-time charge for flood zone determination, certification and tracking services, or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification  Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense  Lender is under no obligation to purchase any particular type or amount of coverage  Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect  Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained  Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument  These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance  Lender shall have the right to hold the policies and renewal certificates  If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices  If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender  Lender may make proof of loss if not made promptly by Borrower  Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened  During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds  Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower  If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with

0411001878

-6A(CA) (0207) 01                    Page 6 of 15                    Form 3005  1/01

the excess, if any, paid to Borrower  Such insurance proceeds shall be applied in the order provided for in Section 2

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters  If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim  The 30-day period will begin when the notice is given  In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property  Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property  Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage  If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes  Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed  If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property  Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan  Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property  Lender's actions can include, but are not limited to  (a) paying any sums secured by a lien which has priority over this Security Instrument, (b) appearing in court, and (c) paying reasonable

0411001878

-6A(CA) (0207) 01                Page 7 of 15        Initials: _____        Form 3005  1/01

attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed Borrower is not a party to the Mortgage Insurance

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums)

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance " Further

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

0411001878

-6A(CA) (0207) 01                    Page 8 of 15                    Initials _____        Form 3005  1/01



**(b)** Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly  Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed  Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds  If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower  Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction  (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value  Any balance shall be paid to Borrower

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due  "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument  The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender

0411001878

VMP®  -6A(CA) (0207) 01          Page 9 of 15        Initials ____        Form 3005   1/01

to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer") (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

0411001878

-6A(CA) (0207) 01                    Page 10 of 15                    Form 3005  1/01

Initials:



**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision

As used in this Security Instrument (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender, (b) words in the singular shall mean and include the plural and vice versa, and (c) the word "may" gives sole discretion without any obligation to take any action

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law

If Lender exercises this option, Lender shall give Borrower notice of acceleration The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument, (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate, or (c) entry of a judgment enforcing this Security Instrument Those conditions are that Borrower (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred, (b) cures any default of any other covenants or agreements, (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred However, this right to reinstate shall not apply in the case of acceleration under Section 18

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA

0411001878

-6A(CA) (0207) 01                Page 11 of 15        Initials            Form 3005    1/01



requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20

21. **Hazardous Substances.** As used in this Section 21 (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials, (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection, (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law, and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products)

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup

0411001878

-6A(CA) (0207) 01          Page 12 of 15          Initials _____          Form 3005  1/01


**NON-UNIFORM COVENANTS**  Borrower and Lender further covenant and agree as follows

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California

0411001878

VMP®  -6A(CA) (0207).01          Page 13 of 15          Initials: _____          Form 3005  1/01



BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it

Witnesses

_____          _____ (Seal)
                                   Randolph Newton            -Borrower

_____          _____ (Seal)
                                   Bondera Newton             -Borrower

_____ (Seal)   _____ (Seal)
                -Borrower                          -Borrower

_____ (Seal)   _____ (Seal)
                -Borrower                          -Borrower

_____ (Seal)   _____ (Seal)
                -Borrower                          -Borrower

0411001878

-6A(CA) (0207) 01              Page 14 of 15              Form 3005  1/01



State of California
County of **LOS ANGELES** } ss.

On **OCTOBER 22, 2007** before me, **KASEY PHILLIPS, NOTARY PUBLIC**

personally appeared

**Randolph Newton & Bondera Newton**

, personally known to me

(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity
upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

_Kasey Phillips_ (Seal)

KASEY PHILLIPS
Commission # 1677033
Notary Public - California
Los Angeles County
My Comm. Expires Jun 22, 2010

0411001878

-6A(CA) (0207) 01          Page 15 of 15          Initials _____          Form 3005   1/01

07 2456159



## Prepayment Penalty Rider to Security Instrument

### (To Be Recorded Together with Security Instrument)

This PREPAYMENT PENALTY RIDER (the "Rider") is made this 16th day of October, 2007 and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date and given by the person(s) who sign below (the "Borrower(s)") to EquiFirst Corporation (the "Lender") to secure repayment of a Note in the amount of U S $ 417,000 00

In addition to the agreements and provisions made in the Note and the Security Instrument, both the Borrower(s) and the Lender further agree as follows

### PREPAYMENT PENALTY

In the event, during the first 3 years after the execution of this Note, I make a prepayment and the prepayment exceeds twenty percent (20%) of the unpaid balance of the loan in any twelve (12) month period, I will pay a prepayment charge in an amount equal to six (6) months' advance interest on the amount prepaid which is in excess of twenty percent (20%) of the unpaid balance of the loan within the twelve (12) month period  The Note Holder will not assess a prepayment penalty after the 3rd anniversary of the date of execution of this Note

_____    _____
Randolph Newton                     Bondera Newton

_____    _____

_____    _____

0411001878
EF032 (05/02)



## Balloon Payment Rider to Security Instrument
### (To Be Recorded Together with Security Instrument)

This BALLOON PAYMENT RIDER (the "Rider") is made this **16th day of October, 2007** and amends the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") dated the same date and given by the person(s) who sign below (the "Borrower(s)") to **EquiFirst Corporation** (the "Lender") to secure repayment of a Note in the amount of U S $ 417,000.00

In addition to the agreements and provisions made in the Note and the Security Instrument, both the Borrower(s) and the Lender further agree as follows

1) THE TERM OF THE LOAN IS 30 YEARS   AS A RESULT, YOU WILL BE REQUIRED TO REPAY THE ENTIRE PRINCIPLE BALANCE AND ANY ACCRUED INTEREST THEN OWING 30 YEARS FROM THE DATE ON WHICH THE LOAN IS MADE  THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM  THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN ASSUMING THIS LENDER OR ANOTHER LENDER REFINANCES THIS LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN  YOU MAY ALSO HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN

2) AT LEAST NINETY (90), BUT NOT MORE THAN ONE HUNDRED TWENTY (120) DAYS PRIOR TO THE MATURITY DATE, THE LENDER MUST SEND THE BORROWER(S) A NOTICE WHICH STATES THE MATURITY DATE AND THE AMOUNT OF THE "BALLOON PAYMENT" WHICH WILL BE DUE ON THE MATURITY DATE (ASSUMING ALL SCHEDULED PAYMENTS DUE BETWEEN THE DATE OF THE NOTICE AND THE MATURITY DATE ARE MADE ON TIME)

Randolph Newton

Bondera Newton

0411001878
EF033NY (4/06)

Exhibit "A"



All that certain real property situated in the County of Los Angeles, State of California, described as follows.

Lots 356 and 428 of Tract No. 19033, in the City of Inglewood, County of Los Angeles, State of California, as per map recorded in Book 488, Pages 10 to 17 inclusive of Maps, in the Office of the County Recorder of said County.

legal rev  (010698)

Non-Order Search                    Page 19 of 19              Requested By: peter.baer, Printed: 12/20/2018 2:14 PM
Doc: CALOSA:2007 02456159

# EXHIBIT "3"

FILED

DEC 1 4 2018

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk



**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

Central District of California _____
(State)

Case number (*If known*): _____

Chapter you are filing under:
- ☑ Chapter 7
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13

☐ Check if this is an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy  12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1:    Identify Yourself

|  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|
| **1. Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Bondera<br>First name<br><br>Middle name<br><br>Garrett Newton<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| **2. All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | Bondera<br>First name<br><br>Calhoun<br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| **3. Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx – xx – 5 2 8 4<br>OR<br>9 xx – xx – ___ ___ ___ | xxx – xx – ___ ___ ___ ___<br>OR<br>9 xx – xx – ___ ___ ___ |

# EXHIBIT "4"

**This page is part of your document - DO NOT DISCARD**



# 20180590450



Pages:
0006

**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**06/14/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 39.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 114.00 |



**L E A D S H E E T**



201806143280004

**00015365422**



009150157

**SEQ:**
**02**

**SECURE - 8:00AM**



**THIS FORM IS NOT TO BE DUPLICATED**

180253382 RF

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
**Prestige Default Services**
**1920 Old Tustin Ave.**
**Santa Ana, California 92705**
**Phone: 949-427-2010**

TS No.: **18-1276**          Loan No.: **\*\*2744**

SPACE ABOVE THIS LINE FOR RECORDER'S USE
APN: **4029-029-018**
& 4029-029-041

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY
[PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR]

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$135,144.63** as of **6/11/2018**, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time

TS No.: **18-1276**        Loan No.: **\*\*2744**

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
**US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST**
**c/o SN Servicing Corporation**
**323 5th Street**
**Eureka, CA 95501**

**Telephone:**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.** NOTICE IS HEREBY GIVEN: That **PRESTIGE DEFAULT SERVICES** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **10/16/2007**, executed by **RANDOLPH NEWTON AND BONDERA NEWTON, HUSBAND AND WIFE AS JOINT TENANTS**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR EQUIFIRST CORPORATION, ITS SUCCESSORS AND ASSIGNS**, as beneficiary, recorded **10/31/2007**, as Instrument No. **20072456159**, of Official Records in the Office of the Recorder of **Los Angeles** County, California describing land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST.

Said obligations include **1 NOTE(S) FOR THE ORIGINAL** sum of **$417,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by **US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST**, the Beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:
The installment of principal and interest and escrow amounts, if applicable, which became due on 10/1/2015, and all subsequent installments of principal and interest and escrow amounts through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premium, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect the preserve its security, all of which must be paid

TS No.: 18-1276          Loan No.: **2744

### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**as a condition of reinstatement including all sums that shall accrue through reinstatement or payoff.**

Nothing in this Notice of Default should be construed as a waiver of any fees or other amounts owing to the Beneficiary pursuant to the terms of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Pursuant to the attached Declaration, the mortgage servicer declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code §2923.5, or is otherwise exempt from the requirements of §2923.5

**Dated: 6/11/2018**

PRESTIGE DEFAULT SERVICES

BY: _____
Briana Young, Trustee Sale Officer

PRESTIGE DEFAULT SERVICES MAY BE CONSIDERED A DEBT COLLECTOR AND ANY INFORMATION WILL BE USED FOR THAT PURPOSE.

BENEFICIARY DECLARATION OF COMPLIANCE WITH (OR EXCEPTION FROM) CIVIL CODE

SECTION 2923.5 AND AUTHORIZATION OF AGENT (FOR NOTICE OF DEFAULT)

Prestige Default Services
1920 Old Tustin Ave.,
Santa Ana, CA 92705

- Borrower:        RANDOLPH NEWTON and BONDERA NEWTON
- Beneficiary:    US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP
                          II PALS INVESTMENTS TRUST
- Property:        10918 CRENSHAW BOULEVARD UNIT 1
                          INGLEWOOD, CA 90303
- Loan No:        **2744
- TS No:           18-1276

The undersigned beneficiary, or authorized agent for the beneficiary, hereby represents and
declares:

[X] The beneficiary or beneficiary's authorized agent has contacted the borrower pursuant to,
and has complied with, Civil Code Section 2923.5(a) (contact provision to "assess the
borrower's financial situation and explore options for the borrower to avoid foreclosure").
State the date "contact" with the borrower(s) was accomplished pursuant to Civil Code Section
2923.5(a)(2): _March 22_, 20_18_.

[X] The beneficiary or beneficiary's authorized agent has exercised due diligence to contact
the borrower as required by California Civil Code Section 2923.5(e) and, after waiting two (2)
weeks after the telephone call requirements of Civil Code 2923.5(e)(2)(A) were satisfied, the
beneficiary or the beneficiary's authorized agent sent to the borrower(s), by certified mail,
return receipt requested, the letter required by Civil Code Section 2923.5(e)(3), which was
mailed on _April 10_, 20_18_. (Date of mailing)

[  ] Pursuant to Civil Code Section 2920.5(c)(2)(A), the borrower has surrendered the secured
property as evidenced by either a letter confirming the surrender or by delivery of the keys to
the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.
The surrender letter was received on _____(date); the keys were received on
_____. (date).

[  ] Pursuant to Civil Code Section 2920.5(c)(2)(B), the beneficiary or beneficiary's authorized
agent has evidence in its file, and reasonably believes, that the borrower has contracted with
an organization, person, or entity whose primary business is advising people who have decided

to leave their homes on how to extend the foreclosure process and to avoid their contractual obligations to beneficiaries.

[  ] Pursuant to Civil Code Section 2920.5(c)(2)(C), the beneficiary or beneficiary's authorized agent has verified information that on or before the date of this declaration, the borrower(s) has filed for bankruptcy and the proceedings have not been finalized. "Finalized" is not defined by 2920.5(c)(2)(C). For purposes of this Code section, trustee, beneficiary and/or their authorized agent define the term as either (1) an order entered on the court's docket closing the file by the court; or (2) an order entered on the court's docket dismissing the bankruptcy case. If the beneficiary or the beneficiary's agent interprets "finalized" in another manner, please state the basis upon which the beneficiary believes that the bankruptcy has not been "finalized": _____

[  ] The provisions of Civil Code 2923.5 do not apply, because [  ] the property is NOT THE BORROWER'S PRINCIPAL RESIDENCE; or [  ] the property is COMMERCIAL PROPERTY.

[  ] the loan is not secured by a first mortgage or first deed of trust that encumbers real property described in Civil Code Section 2924.15(a)

The undersigned authorized the trustee, foreclosure agent and/or their authorized agent to sign, on behalf of the beneficiary/authorized agent, the notice of default containing the declaration required pursuant to Civil Code Section 2923.5(b).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: _6/1/15_

US BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST

By: SN Servicing Corporation, its servicer

_Rachelle Koher_

By: Rachelle Koher

Its: Asset Manager

# EXHIBIT "5"

**This page is part of your document - DO NOT DISCARD**



## 20181063836



**Pages:**
**0003**



**Recorded/Filed in Official Records**
**Recorder's Office, Los Angeles County,**
**California**

**10/19/18 AT 08:00AM**

| | |
|---|---|
| FEES: | 30.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 105.00 |



**L E A D S H E E T**



201810191000008

**00015856663**

009411965

**SEQ:**
**01**

SECURE - 8:00AM



**THIS FORM IS NOT TO BE DUPLICATED**

180253382 RF



E523471

RECORDING REQUESTED BY
**Prestige Default Services**

AND WHEN RECORDED MAIL TO:
**Prestige Default Services**
**1920 Old Tustin Ave.**
**Santa Ana, California 92705**
**Phone: 949-427-2010**

T.S. No.: 18-1276    Loan No.: **2744
APN: 4029-029-018 & 4029-029-041

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# NOTICE OF TRUSTEE'S SALE

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 10/16/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state will be held by the duly appointed trustee as shown below, of all right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described below. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

Trustor: **RANDOLPH NEWTON AND BONDERA NEWTON, HUSBAND AND WIFE AS JOINT TENANTS**
Duly Appointed Trustee: **PRESTIGE DEFAULT SERVICES**
Recorded **10/31/2007** as Instrument No. **20072456159** of Official Records in the office of the Recorder of **Los Angeles County, California**,
Date of Sale: **11/16/2018 at 11:00 AM**
Place of Sale:    **By the fountain located at 400 Civic Center Plaza, Pomona, CA 91766**
Amount of unpaid balance and other charges: **$530,487.53**
Street Address or other common designation of real property:    **10918 CRENSHAW BOULEVARD UNIT 1 INGLEWOOD, CA 90303**

A.P.N.: **4029-029-018 & 4029-029-041**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above. If no street address or other common designation is shown, directions to the location of the property may be obtained by sending a written request to the beneficiary within 10 days of the date of first publication of this Notice of Sale.

NOTICE TO POTENTIAL BIDDERS: If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property. **All checks payable to Prestige Default Services.**

NOTICE TO PROPERTY OWNER: The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (714) 730-2727 or visit this Internet Web site https://www.servicelinkasap.com/default.aspx, using the file number assigned to this case 18-1276. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: 10/17/2018

**PRESTIGE DEFAULT SERVICES**
**1920 Old Tustin Ave.**
**Santa Ana, California 92705**
**Sale Line: (714) 730-2727**

Briana Young, Trustee Sale Officer

EXHIBIT "6"

12/20/2018

Case 2:18-bk-24510-ER    Doc 8    Filed 12/21/18    Entered 12/21/18 15:38:21    Desc
Main Document    Page 56 of 57 (CACB Bankruptcy - LIVE)

**2:12-bk-27518-NB** Randy Newton and Bondera Newton
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Neil W. Bason
**Date filed:** 05/18/2012 **Date of last filing:** 04/01/2016 **Plan confirmed:** 08/10/2012
**Debtor dismissed:** 09/09/2015 **Joint debtor dismissed:** 09/09/2015
**Date terminated:** 04/01/2016

# Case Summary

| | |
|---|---|
| **Office:** Los Angeles | **Filed:** 05/18/2012 |
| **County:** LOS ANGELES-CA | **Terminated:** 04/01/2016 |
| **Fee:** Paid | **Debtor discharged:** |
| | **Joint debtor discharged:** |
| **Origin:** 0 | **Reopened:** |
| **Previous term:** | **Converted:** |
| | **Debtor dismissed:** 09/09/2015 |
| | **Joint debtor dismissed:** 09/09/2015 |
| **Joint:** y | **Confirmation hearing:** |
| **Current chapter:** 13 | |

**Debtor disposition:** Dismissed for Other Reason
**Joint debtor disposition:** Dismissed for Other Reason

**Nature of debt:** consumer
**Pending status:** Awaiting Confirmation Hearing,Case Closed,Plan Confirmed
**Flags:** CLOSED

**Trustee:** United States Trustee (LA) **City:** Los Angeles **Phone:** (213) 894-6811 **Email:** ustpregion16.la.ecf@usdoj.gov
**Trustee:** Kathy A Dockery (TR) **City:** Los Angeles **Phone:** (213) 996-4400 **Email:** EFiling@LATrustee.com

**Party 1:** Newton, Randy  (Debtor)
   SSN / ITIN: xxx-xx-7124
**Party 2:** Newton, Bondera  (Joint Debtor)
   SSN / ITIN: xxx-xx-5284

| | | |
|---|---|---|
| **Atty:** Kelly F Ryan (T) | **Represents party 1:** Debtor | **Phone:** 626-568-8808 |
| | | **Fax:** 626-568-8809 |
| | | **Email:** kryan@ryanattorneys.com |
| **Atty:** Kelly F Ryan (T) | **Represents party 2:** Joint Debtor | **Phone:** 626-568-8808 |
| | | **Fax:** 626-568-8809 |
| | | **Email:** kryan@ryanattorneys.com |

**Location of case files:**
   **Volume:** CS1
The case file may not be available.

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/20/2018 14:09:43 | | |
| **PACER Login:** | sa0471:2629392:0 | **Client Code:** |
| **Description:** | Case Summary | **Search Criteria:** 2:12-bk-27518-NB |
| **Billable Pages:** | 1 | **Cost:** 0.10 |

Page 56

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

5305 ANDASOL AVE., ENCINO, CA 91316

A true and correct copy of the foregoing document entitled: **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (with supporting declarations) (REAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _12/21/2018_, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com
United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _12/21/2018_, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Bondera Garrett Newton, 10918 Crenshaw Blvd, Inglewood, CA 90303 - debtor
Randolph Newton, 10918 Crenshaw Blvd, Inglewood, CA 90303 - co owner
Prestige Default Services, Briana Young, 1920 Old Tustin Ave. Santa Ana, CA 92705 - lender trustee
PRP II PALS, LLC, c/o Corporation Service Co, PO Box 2969, Springfield, IL 62708 - final assignee of deed of trust

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _12/21/2018_, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Ernest Robles, US Bankruptcy Court, 255 E. Temple St., Ct 1568, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| _12/21/2018_ | HARRIS L. COHEN | |
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.